(134 App. Div. 372.)

## BRADY v. PENNSYLVANIA STEEL CO.

(Supreme Court, Appellate Division, First Department.   October 22, 1909.)

MASTER AND SERVANT (§ 116*)—INJURIES TO SERVANT—"SCAFFOLDING."

Ties laid on the deck of a bridge in process of construction for the purpose of accommodating a traveling derrick, and also used by a signalman as a place to stand while assisting in shifting the rails, are not "scaffolding," within Labor Law (Laws 1897, p. 467, c. 415) § 18, requiring the master to furnish a safe scaffold and to keep it safe.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 8, p. 7795.]

Appeal from Trial Term, New York County.

Action by Marguerite Brady, as administratrix, against the Pennsylvania Steel Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed.

The following is the opinion of Fitzgerald, J., in the trial court:

Plaintiff's intestate was employed as a signalman, whose duty it was to give notice by signs to the engineer who operated a contrivance called "a traveler." In doing this work it was necessary for him to move along the ends of the ties which projected beyond the rails. The structure upon which these ties were placed was 30 feet above the floor below and 100 feet from the ground, and the rails were fastened to the ties by spikes. The deceased was assigned to this work on the morning of the occurrence as a substitute for another employé temporarily absent. While the rails were in position the projecting ties might be moved upon with safety; but it appeared that some three months before the day of the accident one of the ties had been sawed through for some purpose connected with the general work of the defendant, and as deceased stepped upon this tie he was precipitated to the floor below, receiving the injuries which resulted in his death.

Plaintiff claims a violation of section 18 of the labor law, in that the master failed to furnish her intestate a safe scaffolding and to keep it safe. This brings up the question whether or not these ties were scaffolding, within the meaning of said section. The work deceased was engaged in was the removal of the rails, not the removal of the ties, and in this respect the case is distinguishable from Welk v. Jackson Architectural Iron Works, 98 App. Div. 247, 90 N. Y. Supp. 541. In Ferrick v. Eidlitz, 195 N. Y. 248, 88 N. E. 33, the facts were materially different. The defects there complained of were not occasioned by the master, nor was knowledge or notice thereof brought home to him, and the plaintiff was actually engaged in removing the timbers which it was claimed constituted the scaffolding. It is not necessary, to constitute scaffolding, that the entire structure used as such should be constructed especially for that purpose. An elevation used as a place to stand upon when working has been held in effect a scaffold, within the meaning of section 18, supra. Croce v. Buckley, 115 App. Div. 357, 100 N. Y. Supp. 898.

Motion to dismiss complaint denied, to which ruling an exception upon the part of the defendant may be noted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

H. Snowden Marshall, for appellant.
Richard J. Donovan, for respondent.

HOUGHTON, J.  The defendant was engaged in the construction of what is known as the Blackwell's Island Bridge across the East River, and plaintiff's intestate was in its employ as a signalman. The bridge had two decks, the lower one for trolley cars, teams, and pedestrians, and the upper one for elevated railway tracks. On this upper deck the defendant had installed a traveling derrick. Ties about 14 feet long were laid loose on the deck structure, and rails spiked to them. As the building of the bridge progressed, the rails behind the derrick were taken up and relaid ahead of it. For the purpose of accommodating a guy rope, one of the ties had been sawed in two in the middle. When the rail covering this tie was removed, the two halves lay upon the structure. All the ties projected over the structure; but a full tie was of sufficient weight so that a man could step on the end without tipping it. The rails were being swung from the rear of the derrick to the front by the derrick itself, and the plaintiff's intestate was engaged in the work of signaling the engineer of the derrick when to hoist and lower. In order to do this it was necessary for him to step on the end of the ties, so that the engineer should get a proper view of his signals. In doing this he stepped upon the half tie, and it tipped with him, and he fell to the deck below, causing injuries from which he died. The complaint is framed under the employer's liability act (Laws 1902, p. 1748, c. 600).

In the course of his charge the learned trial court referred to the duty of a master to furnish suitable and proper "scaffolding" for the use of its employés, and at the close of the charge the defendant's counsel asked the court to instruct the jury that the ties or crossbars were not a scaffold within the contemplation of the labor law, which the court refused to do. We think this was error for which the judgment must be reversed. The deck of the bridge upon which it was proposed to install an elevated railway was not a scaffold, nor were the ties which were laid upon it for the purpose of accommodating the traveling derrick a scaffold. The plaintiff's intestate was engaged with others in tearing up the track and shifting the rails from one point to another on this deck. It was the place in which he must necessarily work; but the duty of his master towards him with respect to the safety of such a place was quite different from the duty imposed to provide a safe and proper scaffold under the mandate of section 18 of the labor law (Laws 1897, p. 467, c. 415). Under the charge of the court and his refusal to charge, it must be presumed that the jury measured the defendant's liability on the theory that the place on which the decedent was at work was a scaffold. Indeed, at the close of the defendant's requests, the court remarked that he did not charge anything at all with respect to a safe place in which to work.

Because of the infinite kinds of work necessary to be done and the numerous devices constructed upon which men may do it, there is necessarily a great diversity of opinion as to what does and what does not constitute a scaffold within the meaning of the labor law. Illustrating this, the Court of Appeals, in the recent case of Caddy v. Inter-

borough Rapid Transit Co., 195 N. Y. 415, 88 N. E. 747, has collated many of the reported decisions upon the subject, without however, indorsing the conclusions reached in them. Many contrivances have been deemed scaffolds; but no authoritative decision has gone to the extent of declaring that the platform of a bridge in process of construction constitutes a scaffold, within the meaning of the labor law. We expressly refrain from discussing whether or not the plaintiff has any cause of action against the defendant upon any other theory.

Our conclusion is that the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.